# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 06-982


**JAMES E. McCRORY**
**VERSUS**
**CAN DO, INC., ET AL.**



**\*\*\*\*\*\*\*\*\*\***

## APPEAL FROM THE
### THIRTY-EIGHTH JUDICIAL DISTRICT COURT
### PARISH OF CAMERON, NO. 10-16413
### HONORABLE H. WARD FONTENOT, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***

## BILLY H. EZELL
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Judges Elizabeth A. Pickett, Billy H. Ezell, and J. David Painter.

### MOTION TO DISMISS APPEAL DENIED;
### CASE REMANDED WITH INSTRUCTIONS.

**Andrew Robinson Johnson, IV**
**Plauche, Smith & Nieset**
**Post Office Box 1705**
**Lake Charles, LA 70629**
**(337) 436-0522**
**Counsel for Defendant/Appellee:**
    **Lake Charles Pilots, Inc.**

**Lawrence N. Curtis**
**Attorney at Law**
**Post Office Box 80247**
**Lafayette, LA 70598-0247**
**(337) 235-1825**
**Counsel for Plaintiff/Appellant:**
    **James E. McCrory**

**Clayton Arthur Larsh Davis**
**Samuel Bryan Gabb**
**Lundy & Davis**
**Post Office Box 3010**
**Lake Charles, LA 70602-3010**
**(337) 439-0707**
**Counsel for Defendants/Appellees:**
**Dockwise Shipping B.V.**
**Shelf Company Management Services, Ltd.**
**The Standard Club**
**Dockwise USA, Inc.**

**John B. Peuler**
**Anthony D'Alto, II**
**Elizabeth O. Clinton**
**Peuler & Ernst**
**701 Poydras Street, Ste 3845**
**New Orleans, LA 70139**
**(504) 587-7107**
**Counsel for Defendant/Appellee:**
**Can Do, Inc.**

**EZELL, Judge.**

The Defendants-Appellees, Dockwise USA, Inc.; Dockwise Shipping B.V.; Shelf Company Management Services, Ltd.; The Standard Club; Can Do., Inc.; and Lake Charles Pilots, Inc., move to dismiss the appeal by the Plaintiff-Appellant, James E. McCrory, as untimely. For the reasons assigned below, although we deny the motion to dismiss the appeal, we remand this matter for further proceedings in accordance with this court's ruling herein.

The Plaintiff filed suit against the Defendants seeking damages which arose from an incident in which the Plaintiff's fishing boat was capsized. The matter was tried before a jury, and on August 18, 2005, the jury returned a verdict finding the Defendants free of fault. The trial court signed a written judgment in conformity with the jury's verdict on November 2, 2005; the clerk of the trial court sent the notice of judgment five days later, on November 7, 2005.

On May 31, 2006, the Plaintiff filed, by facsimile, a motion and order for a devolutive appeal. That facsimile filing was followed by another copy of the motion, sent by mail, on June 2, 2006. Also on June 2, the trial court informed the Plaintiff, by letter, that, in light of the Defendants' opposition, the motion for appeal should be resubmitted as a contradictory motion. Regardless, on June 16, 2006, the trial court signed the order granting the appeal.

On June 19, 2006, the trial court issued a rule to show cause and set a hearing on the Rule for July 26, 2006. However, on July 19, 2006, the trial court informed all counsel that under La.Code Civ.P. art. 2088, the order of appeal, signed on June 16, divested the trial court of jurisdiction in the matter and that any remaining issues related to the timeliness of the appeal should be addressed by the appellate court.

The instant motion to dismiss was filed in this court on August 3, 2006. The

1

Defendants contend that the Plaintiff's appeal should be dismissed as untimely. The Plaintiff has filed a memorandum in opposition to the motion.

Initially, we note that the Plaintiff's motion for a devolutive appeal was clearly filed more than sixty-days after the mailing of the notice of judgment. The sixty day delay for obtaining a devolutive appeal from the judgment of August 18, 2005, began to run seven days, exclusive of holidays, from the mailing of the notice of this judgment on November 7, 2005. La.Code Civ.P. art. 2087. However, the Plaintiff requested, in the motion for appeal, an extension of the deadline for filing the appeal pursuant to La.R.S. 9:5824, which statute was enacted in the wake of the destruction wrought upon the state by Hurricane Katrina and Hurricane Rita, and which granted a suspension or extension of legal deadlines, under certain circumstances, for parties or attorneys located in some of the affected areas.

Louisiana Revised Statutes 9:5824(B)(1) provides:

(1) Notwithstanding the provisions of R.S. 9:2552 or 2553 [redesignated 9:5822 and 9:5823], a party who is domiciled within the parishes of Cameron, Orleans, Plaquemines, St. Bernard, Jefferson, or Vermilion, or whose cause of action arose within such parishes or whose attorney is domiciled within or has a law office within such parishes, may seek in any court of competent jurisdiction in this state a limited suspension and/or extension of prescription or peremption periods or other legal deadlines, beyond the termination dates provided in R.S. [9:5822 and 5823], by contradictory motion or declaratory judgment. The party seeking an additional suspension and/or extension, in accordance with the provisions of this Section, shall bear the burden of proving by a preponderance of the evidence that the motion was filed at the earliest time practicable and but for the catastrophic effects of Hurricane Katrina or Rita, the legal deadline would have been timely met. If the court grants the motion, the prescription or peremptive period or other legal deadline shall be suspended or extended for a period not to exceed thirty days from the date of the granting of the motion. This limited suspension or extension shall terminate on June 1, 2006, and any right, claim, or action which would have expired during the time period of January 4, 2006, through May 31, 2006, shall lapse on June 1, 2006.

In their brief to this court, the Defendants assert, in part, that the trial court

erred by signing the order for appeal because the Plaintiff did not meet the requirements expressed in the statute. We observe that La.R.S. 9:5824(B) requires that a party seek a suspension or extension of the time delays "by contradictory motion or declaratory judgment." We note that the Plaintiff titled its filing in the trial court a "Motion and Order for a Devolutive Appeal." We also note that, on its face, the motion for appeal appears untimely.

However, because the Plaintiff asserted a claim under La.R.S. 9:5824 in the motion for appeal, we find that a contradictory hearing must be held at which Plaintiff can be afforded the opportunity to meet the burden of proof imposed by La.R.S. 9:5824. Therefore, we deny the Defendants' motion to dismiss the appeal, but we remand the matter to the trial court for a contradictory hearing to determine whether the Plaintiff was entitled to an extension of the delay for filing the instant appeal pursuant to La.R.S. 9:5824.

**MOTION TO DISMISS APPEAL DENIED; CASE REMANDED WITH INSTRUCTIONS.**